UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTON JOEY WATTS,<br><br>Plaintiff,<br><br>v.<br><br>TAYMOUR E. MALAK, et al.,<br><br>Defendants. | No. 2:16-cv-0926 JAM AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has filed a complaint and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. He has also filed a motion to compel discovery. ECF No. 8. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.   Application to Proceed In Forma Pauperis

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 2, 7. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a). However, the court will not assess a filing fee at this time. Instead, the undersigned will recommend that the complaint be summarily dismissed.

II.   Complaint

Plaintiff alleges that after being beaten and suffering a head injury in late 2006 or 2007, he began suffering from seizures or blackouts. ECF No. 1 at 3. On January 15, 2007, he went to the

emergency room for his head injury.  Id.  He was told that part of his brain "was slightly large and needed close follow up with an MRI" otherwise he could end up with side-effects, including seizures.  Id.  Throughout 2007 and 2008, his primary doctor, defendant Malak, never conducted a follow-up or warned him of any potential dangers from the injury.  Id. at 3-4.  On March 4, 2008, defendant Anslinger, who was defendant Malak's physician's assistant, medically cleared plaintiff for a commercial driver's license.  Id. at 4.  On October 5, 2008, plaintiff was driving his step-father's tour bus when he had a seizure which caused a major accident and resulted in the deaths of ten individuals, including his step-father.  Id.  As a result of the incident, defendant Anslinger was found guilty of negligence and had his license suspended.  Id.

### III. Subject-Matter Jurisdiction

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  "[F]ederal courts, unlike their state counterparts, are courts of limited jurisdiction."  Nw. Airlines, Inc. v. Transp. Workers Union of America, 451 U.S. 77, 95 (1981) (citing United States v. Standard Oil Co., 332 U.S. 301, 313 (1947)).  "The district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Plaintiff appears to be trying to bring a claim for professional negligence and/or personal injury.  ECF No. 1.  However, this court does not have jurisdiction to hear state law claims unless there is diversity of citizenship or the complaint contains related federal claims.  28 U.S.C. §§ 1332, 1367.  Diversity does not exist here because plaintiff and defendants are all located within California.  ECF No. 1 at 1-2.  Accordingly, the court can only consider plaintiff's state tort claims if he also has a claim under federal law or the United States Constitution.

The complaint does not allege any federal claims, and to the extent that plaintiff may be attempting to assert a claim against defendants under 42 U.S.C. § 1983 for deliberate indifference, he is unable to do so.  "To state a claim for relief in an action brought under § 1983, [plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  It is clear from the complaint and

attached documents that defendants Malak and Anslinger were working in private practice and not for a government entity. It is also clear that the conduct plaintiff complains of took place prior to his incarceration and was therefore not part of some agreement with the state to provide inmates with medical care. Because defendants were not acting under color of state law, plaintiff cannot bring claims against them under § 1983.

Since plaintiff makes only state law claims and there is no diversity of citizenship, this court lacks subject-matter jurisdiction over the claims. Alternatively, if plaintiff is making claims under § 1983, those claims are not cognizable because defendants were not acting under color of state law and this court declines to exercise supplemental jurisdiction over plaintiff's state law claims.[1] Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction).

IV. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, the court lacks subject-matter jurisdiction over the claims. Alternatively, any federal claims that plaintiff may be attempting to make fail because defendants were not acting under color of state law and the court declines to exercise supplemental jurisdiction over plaintiff's state law claims. For these reasons, the undersigned

////

---

[1] The court takes no position on whether plaintiff would be able to successfully pursue his claim in state court.

finds that amendment would be futile and recommends dismissal of the complaint without leave to amend.

V. <u>Motion to Compel</u>

In light of the recommendation that the complaint be dismissed without leave to amend, plaintiff's motion to compel is denied.

VI. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

The magistrate judge is recommending that your complaint be dismissed without leave to amend. Your claims are related to personal injury and professional negligence. Those kinds of claims are governed by California law, and cannot be heard by the federal court without a related federal claim. You cannot bring a federal civil rights claim because defendants were acting as private citizens. Therefore this court does not have the authority to consider your case.

In accordance with the above, IT IS HEREBY ORDERED that the motion to compel (ECF No. 8) is denied.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 16, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE