UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTON JOEY WATTS,<br><br>Plaintiff,<br><br>v.<br><br>TAYMOUR E. MALAK, et al.,<br><br>Defendants. | No. 2:16-cv-0926 JAM AC P<br><br><br><br>ORDER |

On October 18, 2017,[1] plaintiff filed a motion to vacate or set aside judgment pursuant to Federal Rule of Civil Procedure 60(b).

"Rule 60(b) enumerates specific circumstances in which a party may be relieved of the effect of a judgment, such as mistake, newly discovered evidence, fraud, and the like. The Rule concludes with a catchall category—subdivision (b)(6)—providing that a court may lift a judgment for 'any other reason that justifies relief.' Relief is available under subdivision (b)(6), however, only in 'extraordinary circumstances.'" Buck v. Davis, 137 S. Ct. 759 (2017).

Through findings and recommendations filed June 16, 2017, the magistrate judge recommended dismissal of this action for lack of subject-matter jurisdiction. ECF No. 11. The magistrate judge found that plaintiff had failed to state any federal claims in the complaint and

---

[1] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988).

1

that any attempt to amend to state claims under 42 U.S.C. § 1983 would be futile because the defendants were private practitioners and not acting under color of state law. Id. at 2-3. The undersigned adopted the findings and recommendations in full on August 3, 2017. ECF No. 15.

In his motion, plaintiff asserts that the judgment should be set aside and he should be given leave to amend the complaint because the defendants were in fact government actors. ECF No. 23. He alleges that they were state and federal actors because even though they were private practitioners, they received payment for their services from Medi-Cal, "California's state plan for providing medical assistance to qualified persons pursuant to Title XIX of the Social Security Act." Id. at 5-7. He asserts that he did not provide this information sooner because he did not know it was necessary. Id.

Plaintiff's newly alleged facts do not warrant a different outcome.

> Extensive case law establishes that a private doctor or hospital cannot be deemed a state actor merely because they are recipients of state or federal funding. Even governmental regulation and the receipt of federal funds, such as Medicare, Medicaid or Hill-Burton funds, are insufficient to establish that an otherwise private hospital or other entity acted under color of state law. Mendez v. Belton, 739 F.2d 15, 18 (1st Cir. 1984); see also Blum [v. Yaretsky], 457 U.S. [991,] 1004, 102 S. Ct. [2777,] 2785-86 [(1982)] (fact that nursing home was extensively regulated was insufficient to establish it as state actor); Rendell-Baker v. Kohn, 457 U.S. 830, 840-43, 102 S. Ct. 2764, 2770-73, 73 L. Ed. 2d 418 (1982) (private school which received 90 percent of funds from government and was extensively regulated was not state actor under section 1983).

Jackson v. E. Bay Hosp., 980 F. Supp. 1341, 1357 (N.D. Cal. 1997).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to vacate or set aside judgement (ECF No. 23) is denied.

DATED: January 5, 2018

/s/ John A. Mendez_____
UNITED STATES DISTRICT COURT JUDGE